1  MARK S. LEE (SBN: 94103)
2  mark.lee@rimonlaw.com
   RIMON, P.C.
3  2029 Century Park East, Suite 400N
4  Los Angeles, CA   90067
   Telephone/Facsimile: 310.361.5776
5
   KENDRA L. ORR (SBN: 256729)
6  Kendra.orr@rimonlaw.com
7  RIMON, P.C.
   One Embarcadero Center, Suite 400
8  San Francisco, CA   94111
   Telephone/Facsimile: 415.683.5472
9
10 Attorneys for Plaintiffs LARRY KING ENTERPRISES, INC.
   and ORA MEDIA LLC
11

12                **UNITED STATES DISTRICT COURT**

13        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  LARRY KING ENTERPRISES, INC.,<br>15  a Virginia Corporation, and ORA<br>MEDIA LLC, a Delaware Limited<br>16  Liability Company,<br>17        Plaintiffs,<br>18   v.<br>19<br>NATHANIEL "NATE" HOLZAPFEL,<br>20  an individual, and NATE HOLZAPFEL<br>21  LLC, a Utah Limited Liability<br>Company,<br>22<br>23        Defendants. | Case No.:  2:18-cv-9454<br><br>**COMPLAINT FOR:**<br><br>**(1) FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125(a) *et seq.*);**<br>**(2) TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW;**<br>**(3) UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW;**<br>**(4) VIOLATION OF THE CALIFORNIA COMMON LAW RIGHT OF PUBLICITY; AND**<br>**(5) VIOLATION OF THE CALIFORNIA STATUTORY RIGHT OF PUBLICITY (CAL. CIV. CODE. § 3334).**<br><br>DEMAND FOR JURY TRIAL |

24
25
26
27
28

Plaintiffs Larry King Enterprises, Inc. ("LKE") and Ora Media LLC ("ORA"), for their Complaint against defendants Nathaniel "Nate" Holzapfel and Nate Holzapfel LLC ("Defendants") allege as follows:

## SUMMARY OF ACTION

1.      Defendants used false pretenses to obtain Larry King's participation in a mock interview, then infringed Plaintiffs' common law trademarks and rights of publicity to make it appear that Larry King endorsed Defendants' commercial activities when, in fact, he has not done so.  Plaintiffs seek injunctive relief to stop Defendants' infringing conduct and compensatory and punitive damages for the harm their actions have caused.

## JURISDICTION AND VENUE

2.      This is a civil action arising under the trademark laws of the United States and the statutory and common laws of the State of California.  This Court therefore has federal question jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as well as supplemental jurisdiction over the state law claims asserted herein.  Since there is a complete diversity of the parties and the amount in dispute exceeds $75,000 as described more fully below, there also is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

3.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) in that, *inter alia*, Plaintiffs and Defendants may be found in this district and a substantial portion of the events described took place in this district.

## THE PARTIES

4.      Plaintiff LKE is, and at all times mentioned herein was, a Virginia corporation with its principal place of business in Newton, Massachusetts.

5.      Plaintiff ORA is, and all times mentioned herein was, a Delaware limited liability company with its principal place of business in New York, New York.

6.     Defendant Nathaniel "Nate" Holzapfel ("Holzapfel") is an individual who, Plaintiffs are informed and believe, resides in the state of Utah, but who does business in California and who engaged in many of the wrongful complained of below in this District.

7.     Defendant Nate Holzapfel LLC ("Holzapfel LLC") is a Utah limited liability company, which Plaintiffs are informed and believe, does business in and which engaged in many of the acts complained of herein in this District.

## GENERAL ALLEGATIONS

8.     Larry King is a prominent radio and television host and interviewer. The recipient of two Peabody Awards, ten Cable Ace Awards, and a Lifetime Achievement Emmy Award, he began his career in radio before hosting the nightly *Larry King Live* television program on the Cable News Network ("CNN") from 1985 to 2010, during which time he became nationally known for his interviews of thousands of celebrities, public figures, athletes, and politicians.  Mr. King's professional efforts have continued since he left CNN, and, in addition to live appearance, public speeches, and television appearances, he currently hosts *Larry King Now* and *Politicking with Larry King*, programs produced by ORA and appearing on HULU, RT, and other streaming services.  As a result of his decades of professional effort, Mr. King has become one of the best-known radio and television hosts and interviewers in the country, and his name and likeness have developed a valuable goodwill.

9.     Mr. King has exclusively licensed rights in his name, likeness and goodwill to the extent needed to endorse products and services to LKE.  LKE is engaged in the business of licensing Mr. King's name, likeness, and endorsement pursuant to that license.  LKE consciously limits the number of such agreements it enters into, and carefully selects the entities with which such endorsement agreements are made, to maintain the value of such endorsements.

10.     Mr. King has exclusively licensed his non-endorsement related television interviewing and hosting services to ORA, which since 2012 and continuing to the present produces the *Larry King Now* television program. Pursuant to that license, ORA owns all common law and other trademark rights in the "Larry King Now" title and logo, see



as well all copyrights in all *Larry King Now* and other programming ORA creates at its studios that feature Mr. King.

## DEFENDANTS' WRONGFUL CONDUCT

11.     Several years ago, as a favor to a family member, Larry King agreed to conduct and have recorded a "mock" interview of Holzapfel (the "Mock Interview"), and to provide Holzapfel with a copy of that Mock Interview, for the limited and sole purpose of using excerpts from it in a "sizzle reel" that Holzapfel could privately submit to a few television producers and others, in the hopes that those producers would hire Holzapfel for a television program.  Holzapfel agreed to use the recorded Mock Interview only for that limited purpose.  The Mock Interview was recorded at ORA's studios located in this District in about 2013.

12.     Nevertheless, without Mr. King's, LKE's, or ORA's knowledge or consent, Defendants later began using footage from the Mock Interview, as well as still images of Larry King taken from the Mock Interview and elsewhere, and combining those images with words falsely attributed to Mr. King, to make it appear that Mr. King endorsed Holzapfel and to otherwise publicly promote Defendants and their services.  Plaintiffs are not certain they are aware of all of the unauthorized uses Defendants made of ORA's Mock Interview recording or LKE's rights in Larry King's name and likeness to promote Defendants' services, but they presently are aware of the following.

13.    Defendants prominently included Larry King's name, image, and a quote of him saying that "you're selling me on laughing" taken from the Mock Interview in an "electronic press kit."  Defendants have invited the public in this District and elsewhere to download and view on the https://nate-holzapfel.squarespace.com/nate-1/ website URL, to falsely imply that Mr. King endorses Defendants and promote Defendants and their services as follows:



14.    Defendants also used Larry King's name to falsely imply Mr. King's endorsement and promote themselves and their services in another part of that electronic press kit which falsely states that "Larry King…loves Nate because Nate makes everyone feel like they are the most important person in the room," statements Mr. King never did and never would make.  See https://nate-holzapfel.squarespace.com/nate-1/.

15.    Defendants included footage from the Mock Interview with Larry King in three different promotional videos Defendants uploaded, publicly posted, published and directed to prospective employers in this District and elsewhere at different times on the *YouTube* website.  Variously entitled "Nate Holzapfel" and "Nate Holzapfel – The Nate State of Mind," those videos repeatedly show clips of

Larry King taken from the Mock Interview to make it appear that Holzapfel appeared on *Larry King Now* when he in fact did not do so, and to depict Holzapfel in a flattering manner.  Those videos uniformly include the statement Mr. King made during the Mock Interview (to cover an incomprehensible statement Holzapfel made) that "You're selling me on laughing."  Together those videos have been viewed over 65,000 times by members of the public.  See https://www.youtube.com/watch?v=JCKjXdhpILQ&feature=youtu.be; https://www.youtube.com/watch?v=7TqTaEGmN1Q; and https://www.youtube.com/watch?v=ts_NEor94r4.

16.    Defendants falsely stated on their "www.natestateofmind" and/or "natehozapfel.com" websites that "Larry King…loves Nate's personal brand," something Larry King did not and never would say, to falsely imply that Larry King endorsed Defendants and to otherwise promote Defendants and their services, see:

to expect from you. Nate helps people everywhere reveal their brand!

From billionaire Mark Cuban, to talk show sensation Larry King, everyone loves Nate's personal brand.

Most people got their first look at Nate when he aired on ABC's hit show, Shark Tank. Nate's pitch not only landed him a deal in front of a national television audience, but also made $1,000,000.00 within three weeks of his first show airing. The Mission Belt Co. donates $1 from every belt sold to help families feed themselves through interest free micro loans in developing nations. To date, Mission has given over $2,000,000.00 to help people all over the world.

17.    Defendants also combined an image of Larry King from the Mock Interview with a statement Defendants falsely attribute to him that "Nate Holzapfel is one of the best interviews I have ever had," something Mr. King never said and never would say, and posted it on their "www.natestateofmind" and/or "natehozapfel.com" websites to make it falsely appear that Larry King had endorsed Defendants and to promote Defendants' products and services, see:



18.     Defendants also used the logo of ORA's *Larry King Now* television program on their "www.natestateofmind" and/or "natehozapfel.com" websites to falsely imply that Holzapfel had appeared on that program, when in fact he has never done so, see:

19.     All of Defendants' actions as described above are completely unauthorized by Plaintiffs, and are calculated to mislead the public into believing that Larry King endorses Defendants and their services when he has not done so.

Further, Defendant's misconduct is intentional.  Upon learning that Plaintiffs objected to their wrongful actions as described above, Defendants removed from their "www.natestateofmind" and/or "natehozapfel.com" websites the statements described above in an attempt to eliminate evidence of their misconduct.  However, although Plaintiffs have demanded that Defendants cease and desist all such wrongful activities in writing, Defendants have ignored those demands and failed to stop any of the other wrongful activities described above in response to Plaintiff's written demands.  Defendants continue to use the name and image of Larry King, copyrighted images and clips of Larry King, and statements falsely attributed to Larry King in their electronic press kit, on YouTube, and elsewhere to falsely imply Mr. King's endorsement and promote themselves and their services, making necessary the present legal action.

20.     Defendants' wrongful actions as described above have caused Plaintiffs to suffer irreparable injuries, and dilute the value of Mr. King's endorsement services.  Defendants misuse of LKE and ORA's intellectual property to promote themselves in their services damages the goodwill associated with Larry King and violates LKE's and ORA's rights in numerous ways.

### FIRST CLAIM FOR RELIEF
**(False Designation of Origin Under the Lanham Act, 15 U.S.C. § 1125(a) *et. seq.* by Plaintiffs Against All Defendants)**

21.     Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

22.     Larry King's name and likeness, ORA's *Larry King Now* logo, are inherently distinctive and, to a significant portion of the consuming public, have come to identify the source of the professional and endorsement services Mr. King has licensed to LKE and ORA, and which LKE and ORA license to the public. Plaintiffs own and enjoys common law trademark rights in said marks under federal law, which rights are superior to any rights that Defendant may claim in and to those trademarks with respect to Defendants' products, services, and commercial

activities. Plaintiffs' marks are inherently distinctive and have acquired secondary meaning with the trade and consuming public, and/or have become distinctive in the minds of customers, in that Plaintiffs' marks are associated with Plaintiffs or Plaintiffs' licensor Larry King and the unique services he provides.

23.    Defendants have, without Mr. King's, LKE's or ORA's permission, misappropriated Mr. King's name and likeness and combined that name and likeness with statements falsely attributed to him, and have used ORA's *Larry King Now* logo, to mislead and confuse the public into believing that Mr. King approves of, endorses, or is otherwise associated with Defendants and their services and commercial activities, when in fact neither Mr. King, LKE, nor ORA approve of, endorse, or are in any way associated with Defendants or their services or commercial activities. Defendants' actions as described above are likely and will continue to cause confusion or mistake or to deceive as to the origin, sponsorship, or approval of Defendant, their products, services and commercial activities by or with Plaintiffs, and thus constitute common law trademark infringement, false designation of origin, passing off, and  unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. 11 § 1125(a)(1 )(A).

24.    Defendants' misconduct as described above is intentional. As a proximate result of said actions, Plaintiffs have suffered, are suffering, and will continue to suffer, irreparable injury to their rights, and have suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of Plaintiffs' common law marks, unless and until Defendants are enjoined from continuing their wrongful acts.

25.    Plaintiffs are entitled to the range of relief provided by 15 U.S.C. §§ 1116-17, including injunctive relief and compensatory damages in an amount to be determined at trial, but in no event having a value of less than $1 million.

## SECOND CLAIM FOR REIEF
### (California Common Law Trademark Infringement by Plaintiffs Against All Defendants)

26.     Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

27.     Larry King's name and likeness, and ORA's *Larry King Now* logo, are inherently distinctive and, to a significant portion of the consuming public, have come to identify the source of the professional and endorsement services Mr. King has licensed to LKE and ORA, and which LKE and ORA license to the public. Plaintiffs own and enjoy common law trademark rights in said marks under California law, which rights are superior to any rights that Defendant may claim in and to those trademarks with respect to Defendants' products, services, and commercial activities. Plaintiffs' marks are inherently distinctive and have acquired secondary meaning with the trade and consuming public, and/or have become distinctive in the minds of customers, in that Plaintiffs trademarks are associated with Plaintiffs or Plaintiffs' licensor Larry King.

28.     Defendants have, without Mr. King's, LKE's or ORA's permission, misappropriated Mr. King's name and likeness, and combined that name and likeness with statements falsely attributed to him, to mislead and confuse the public into believing that Mr. King, approves of, endorses, or is otherwise associated with Defendants and their services and commercial activities, when in fact neither Mr. King, LKE, nor ORA approve of, endorse, or are in any way associated with Defendants or their services or commercial activities. Defendant's use of Plaintiffs' trademarks in connection with the advertising, distribution, marketing, promotion, offer for sale, and/or sale of Defendants' products, services, and commercial activities is likely to cause confusion and, on information and belief, has caused confusion among the public that Larry King has approved, authorized, endorsed or otherwise is associated with Defendants' services.

29.    Defendants' misconduct as described above is intentional, willful, wanton and oppressive.  As a proximate result of said actions, Plaintiffs have suffered, are suffering, and will continue to suffer, irreparable injury to their rights, and have suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of Plaintiffs' common law marks, unless and until Defendants are enjoined from continuing their wrongful acts.

30.    Plaintiffs are entitled to injunctive relief and compensatory and punitive damages in an amount to be determined at trial, but in no event having a value of less than $1 million.

### THIRD CLAIM FOR RELIEF
**(California Unfair Competition by Plaintiffs Against All Defendants)**

31.    Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

32.    Defendants' actions are likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship, or connection between Defendant and Plaintiff, and constitute unfair competition at common law.

33.    By reason of Defendants' actions in connection with Defendants' products, services and commercial activities, Plaintiffs have suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of its trademark, unless and until Defendant is enjoined from continuing her wrongful acts.

### FOURTH CLAIM FOR RELIEF
**(Violation of the California Common Law Right of Publicity by LKE Against all Defendants)**

34.    Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

-11-
COMPLAINT

35.     Defendants have misappropriated Plaintiffs' rights in the name, likeness, image and identity of Larry King as provided under the California common law right of publicity.

36.     In exploiting Plaintiffs' exclusive publicity rights as described above, Defendants have damaged and are continuing to damage Plaintiffs' publicity rights by, among other things, permitting them to be distorted and trivialized, thus diminishing their value for future licensing.  Further, Defendants have injured and continue to injure Plaintiffs by purporting to exercise said publicity rights without Plaintiffs' retaining control thereof or receiving income properly owing to them as the exclusive licensee of said rights of publicity.

37.     Defendants did not engage in the above-described wrongful actions out of any sincere or proper motive, but did so knowingly, willfully and oppressively, intending to appropriate to themselves without compensation what they knew to be Plaintiffs' valuable rights.  Said misconduct was also fraudulent, in that the public was led to believe, falsely, that Plaintiffs consented to such commercial use of Larry Kings' name and likeness, and were associated with and approved of Defendants products, services and commercial activities.

## FIFTH CLAIM FOR REIEF
### (Violation of the California Statutory Right of Publicity, Cal. Civ. Code § 3334 by LKE Against All Defendants)

38.     Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

39.     Defendants have misappropriated Plaintiffs' rights in the name, likeness and identity of Larry King as provided under California Civil Code § 3344.

40.     In intentionally exploiting Plaintiffs' exclusive publicity rights as described above, Defendants have damaged and are continuing to damage Plaintiffs' publicity rights by, among other things, permitting them to be distorted and trivialized, thus diminishing their value for future licensing.  Further, Defendants have injured and continue to injure Plaintiffs by purporting to exercise publicity

-12-

rights of Larry King without Plaintiffs' retaining control thereof or receiving income properly owing to them as the exclusive licensee of Plaintiff's rights of publicity.

41.     Defendants' wrongful actions as described above are causing Plaintiffs irreparable harm, and have damaged and continue to damage Plaintiffs in an amount yet to be determined, but in no event having a value of less than $1 million.

42.     Defendants did not engage in the above-described wrongful actions out of any sincere or proper motive, but did so knowingly, willfully and oppressively, intending to appropriate to themselves without compensation what they knew to be Plaintiffs' valuable rights.  Said misconduct was also fraudulent, in that the public was led to believe, falsely, that Plaintiffs consented to such commercial use of Larry Kings' name and likeness, and were associated with and approved of Defendants products, services and commercial activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

1.     Preliminarily and permanently enjoining Defendants and all persons acting in active concert or participation with them from using the name, likeness or image of Larry King in connection with any products, services, or commercial activities, or in connection with the marketing, distribution or advertising of any products, services or commercial activities, including but not limited to any the actions described in this complaint.

2.     Preliminarily and permanently enjoining Defendants and all those acting in active concert with them from using Larry King's name, likeness or image, ORA's *Larry King Now* logo, and any other of Plaintiffs' common law marks or any marks confusingly similar thereto, or attributing any statements to Larry King,  for the purpose of the sale, distribution, marketing, advertising, licensing, implying the endorsement of Larry King, or otherwise promoting either of Defendants or Defendants' goods, services or commercial activities;

3.      Requiring Defendants to remove from the Internet and any and all other media in which Defendants have ever placed them all advertising, merchandising, electronic press kits, videos, promotional materials, and any other things bearing any or all of the marks, names, images, likenesses, or real or fictitious sayings of Larry King and all other items which are confusingly similar thereto;

4.      Preliminarily and permanently enjoining Defendants and all those acting in active concert or participation with them continuing to use any previous reproduction, public performance of or derivative work containing any portion of the Mock Interview in the "Nate Holzapfel" and "Nate Holzapfel - Nate State of Mind" videos Defendants posted on YouTube, or from reproducing, publicly performing, or creating a derivative work containing any portion of the Mock Interview in the future;

5.      Requiring Defendants to account to Plaintiffs for all revenues Defendants have received as a result of their unauthorized misappropriation and infringement of Plaintiffs' copyright, common law trademarks, and rights of publicity from the inception of said infringement to the date of judgment herein;

6.      That Plaintiffs have and recover a money judgment reflecting their compensatory and general damages at trial;

7.      For punitive damages against defendants for their oppressive, fraudulent, and malicious conduct;

8.      That Defendants be ordered to pay Plaintiffs' costs, including reasonable attorneys' fees, and

9.      For such other and further relief as the Court deems just and proper.

1    DATED:  November 7, 2018              RIMON, P.C.

2

3
                                          By: /s/ Mark S. Lee
4                                              Mark S. Lee (SBN: 94103)
                                               mark.lee@rimonlaw.com
5                                              RIMON, P.C.
                                               2029 Century Park East, Suite 400N
6                                              Los Angeles, CA   90067
                                               Telephone/Facsimile: 310.375.3811
7
8                                              Kendra L. Orr (SBN: 256729)
9                                              Kendra.orr@rimonlaw.com
                                               RIMON, P.C.
10                                             One Embarcadero Center, Suite 400
                                               San Francisco, CA   94111
11                                             Telephone/Facsimile: 415.683.5472
12
13                                             Attorneys for *Plaintiffs*
                                               LARRY KING ENTERPRISES, INC.
14                                             AND ORA MEDIA LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          -15-
                                       COMPLAINT

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all of the claims in their complaint that are triable by a jury.

DATED:  November 7, 2018

By: /s/ Mark S. Lee
        Mark S. Lee
        mark.lee@rimonlaw.com
        RIMON, P.C.
        2029 Century Park East, Ste. 400N
        Los Angeles, CA   90067
        Tele/Facsimile: 310.375.3811

        Kendra L. Orr (SBN: 256729)
        Kendra.orr@rimonlaw.com
        RIMON, P.C.
        One Embarcadero Center, Ste. 400
        San Francisco, CA   94111
        Tele/Facsimile: 415.683.5472

        Attorneys for *Plaintiffs*
        LARRY KING ENTERPRISES,
        INC. AND ORA MEDIA LLC